El Miembro de la Junta Estatal de Elecciones que representa al Partido Popular Democrático, ARCILIO ALVARADO, parte recurrente, *v.* LA JUNTA ESTATAL DE ELECCIONES DE PUERTO RICO, WALTER BUSÓ, Presidente en funciones y Superintendente General de Elecciones, Interino, parte recurrida.

*Número:* 23 y 24        *Resuelto:* 1ro. de septiembre de 1972

*Arcilio Alvarado, pro se,* Miembro de la Junta Estatal de Elecciones; *Gilberto Gierbolini, Procurador General, y Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de la Junta Estatal de Elecciones.

Decisión del Juez Presidente Señor Negrón Fernández.

(Dada en corte abierta el 1ro. de septiembre de 1972.)

La siguiente es la determinación o Decisión del Juez Presidente en los Recursos de Apelación Números 23 y 24 que están bajo su consideración en que la parte apelante es el miembro de la Junta Estatal de Elecciones que representa al Partido Popular Democrático, Lcdo. Arcilio Alvarado, contra la Junta Estatal de Elecciones—en decisión de su Superintendente Interino—respecto a dos instrucciones in-

cluidas en el Manual de Instrucciones adoptado por la Junta el día 16 de agosto pasado, como conjunto de instrucciones a los Funcionarios de Colegio que han de actuar en las elecciones generales del próximo 7 de noviembre en Puerto Rico.

■ Como bien se indicó por los compañeros que argumentaron estos Recursos—el propio apelante y el Procurador General, Lcdo. Gilberto Gierbolini—no es la primera vez que la Junta Estatal de Elecciones adopta un Manual de Instrucciones para los Funcionarios de Colegio. Solamente he podido revisar y examinar los Manuales de Instrucciones desde el año 1960 hasta el presente; pero con anterioridad también la Junta había adoptado Manuales de Instrucciones similares para los Funcionarios de Colegio. El propósito de ese Manual es llevar a los Funcionarios de Colegio el mensaje de la Junta Estatal de Elecciones—representada en ella cada uno de los partidos políticos principales o por petición—a través de esas instrucciones, como directivas del consenso de los miembros de la Junta, y orientarles para el mejor cumplimiento de las funciones que les corresponde realizar el día de las elecciones, en que se lleva a cabo la votación y el escrutinio.

■ En primer lugar, deseo indicar que no se trata, como bien apuntaron los compañeros, de una reglamentación que tenga fuerza de ley—que en la Ley Electoral están dispersas, y aquí se tienden a concentrar en forma que puedan ser entendidas por personas que no son peritos en el Derecho y que tienen una función de altísima responsabilidad que llevar a cabo en las respectivas encomiendas que la ley les hace. Conoce el Juez Presidente la preocupación genuina de los miembros de la Junta Estatal de Elecciones—como lo fue de las anteriores Juntas—porque se conduzca el proceso electoral en forma ordenada y de conformidad con la ley, y que se dé así efectividad al derecho del ciudadano al sufragio como fundamento de nuestro sistema de gobierno y de vida democrática.

Tratan estos dos Recursos de dos instrucciones específicas. Es el criterio del Juez Presidente que este tipo de directiva a los Funcionarios de Colegio es en el que, por excelencia—y superando criterios que puedan ser disímiles en todo aquello en que pueda lograrse unanimidad de los miembros de la Junta—debe existir tal unanimidad en el conjunto de instrucciones; por lo que representa la imagen de la Junta Estatal de Elecciones respecto a los Funcionarios de Colegio, y porque ello lleve el peso, sin discrepancias notorias, de ese consenso, de acuerdo con las disposiciones de la ley.

He dado consideración a los planteamientos del apelante y a los planteamientos de la Junta. He examinado las transcripciones de las reuniones en que fue objeto de discusión este Manual. He examinado con gran detenimiento las disposiciones de ley aplicables, así como el Manual en su totalidad y especialmente las instrucciones impugnadas, e igualmente he examinado los anteriores Manuales.

■ El Juez Presidente asume jurisdicción sobre estas apelaciones porque no se trata en sí de una acción de la Junta de tipo reglamentario, que por su esencia—como he indicado en Recursos anteriores—es de tipo legislativo y tiene otro cauce para su expresión. Una vez adoptada alguna regla o reglamentación por la Junta, para darle efectividad de ley y validez, se hace necesaria la aprobación por el señor Gobernador.

I

*Recurso Número 23*

En el Recurso Núm. 23, la instrucción objetada que motiva la apelación en dicho Recurso y que fue aprobada por la Junta con el voto en contra del miembro del Partido Popular Democrático—una vez hechas las salvedades que constan en récord en cuanto a la no presencia del miembro del Partido Independentista Puertorriqueño, por el compañero Alvarado,

al comienzo de su exposición—dice, bajo el título *Funcionarios de Colegio*, luego de hablar de los Inspectores y de los Secretarios y bajo el epígrafe o subtítulo de *Recusadores:* *"Son los responsables de velar porque toda persona que acuda al colegio a votar sea un elector capacitado, de acuerdo a las normas que más adelante se establecen."* La instrucción aparece así, en la copia a máquina del Manual elevado por la Junta, en la página 6 del mismo. Más adelante, en las páginas 18 hasta la 23, incluyendo ambas, se enumeran las funciones del recusador bajo el título *Recusador.*

■ La instrucción impugnada a que he hecho referencia en este Recurso Núm. 23 es, a mi juicio, improcedente en derecho, porque conforme a su contexto, sitúa en el recusador, con carácter exclusivo, la responsabilidad de velar porque toda persona que acuda a votar sea un elector capacitado, llevando la connotación de que para descargar esa responsabilidad el recusador tiene, como obligación afirmativa, la de comprobar la capacidad de toda persona que acuda al colegio a votar, la capacidad para votar, esto es, su capacidad para ser elector. En un funcionario celoso del cumplimiento de su obligación o deber, la directiva de la Junta, implícita en esa instrucción—por sus términos absolutos de responsabilidad— puede llevar a ese funcionario a actuar como un continuo censor del derecho de los electores a ejercer el sufragio en el momento mismo de la votación, a fin de cerciorarse afirmativamente, de que concurren, en todas y cada una de las personas que acuden a ejercer ese derecho, los requisitos de capacidad como elector.

El propósito que la ley persigue a través de toda la reglamentación del derecho al sufragio, es la de obtener la mayor pureza en el proceso electoral—incluyendo preeminentemente la fase de la votación y el subsiguiente escrutinio, que es la fase final, a ese nivel, de las distintas etapas en el ejercicio del derecho al sufragio. El momento culminante para el ciudadano, para el elector, es el de la votación.

■ Al elector que aparece inscrito en las listas electorales de un colegio—por toda la reglamentación previa, y por el cumplimiento de todas las exigencias y los trámites que provee la Ley Electoral para obtener una inscripción como elector y figurar en la lista del colegio a que se le asigna votar—le acompaña la presunción de que hasta ese momento ha cumplido con todas esas exigencias y requisitos de ley, y es un elector capacitado. Es por vía de excepción, y como parte del propósito general que persigue toda la reglamentación del derecho al sufragio, que se confiere a un recusador designado por cada uno de los partidos políticos, el derecho de recusar el voto de una persona que, figurando en las listas de electores del colegio, no reúna en su más ponderado juicio y con aquella información que le haga legítimamente suponer que no reúne algunos de los requisitos para ser elector, por alguna de las causas que taxativamente establece y enumera la ley. Este derecho a recusar no puede ejercerse viciosa o injustificadamente, porque ello conllevaría sanción delictiva para el recusador; al igual que conllevaría sanción delictiva para un elector o cualquier persona que no reuniendo los requisitos de ley para ser elector, trate de votar ilegalmente.

Las funciones del recusador conforme lo dispuesto en la ley; su derecho a recusar bajo juramento a una persona que pretenda votar sin ser elector capacitado, o sin ser persona cuya inscripción aparece en las listas de votantes del colegio; el procedimiento de recusación e identificación de tales personas; las causas o motivos por los cuales se puede recusar, y la manera de marcar la papeleta recusada, aparecen todas en las instrucciones subsiguientes, desde la página 18 a la página 24 del Manual de Instrucciones aprobado por la Junta.

La instrucción impugnada puede crear en el recusador durante el proceso mismo de la votación—que es cuando actúa el recusador y no antes ni después—la compulsión de intervenir con todas las personas que acudan al colegio a votar, para así constatar invariablemente, como rutina, a su

manera y entendimiento y descargar la responsabilidad que por la directiva contenida en la instrucción se le impone, la capacidad de cada una de las personas que acudan al colegio a votar. Dicha instrucción tiende a hacer una síntesis definitoria de las funciones del recusador, pero lo hace en un contexto que excede el ámbito limitado por la ley a su gestión interventora mientras discurre el proceso de votación.

Fundado en lo anterior es que el Juez Presidente considera que la instrucción impugnada no puede prevalecer y debe ser dejada sin efecto. La disposición ulterior respecto a este Recurso Núm. 23 la haremos una vez que nos hayamos referido al Recurso Núm. 24.

## II

### *Recurso Número 24*

La instrucción impugnada en el Recurso de Apelación Núm. 24 está consignada en la página 11 del Manual bajo el título *Funciones Relacionadas con el Proceso de Votación*, y es parte del inciso 2 de dicho título, en lo concerniente a las personas que acudan al colegio, con los documentos correspondientes, a votar preferentemente o por *affidavit*. La parte específicamente impugnada es la oración de ese inciso que lee: "Antes de que dicha persona deposite la papeleta en la urna, el presidente de la Junta de Colegio tomará su papeleta sin abrirla y pondrá al dorso 'papeleta recusada' por haber votado mediante preferencia o *affidavit* y pondrá dentro de la misma el certificado de preferencia o el *affidavit* que le entregó el elector."

La anterior instrucción, aunque tiene el propósito de expeditar los procedimientos en las recusaciones de oficio cuando se vota preferentemente o por *affidavit*, y se funda en la condición de presidente de la Junta de Colegio—según lo provisto en la Ley Electoral, respecto a cuál de los inspectores ha de presidir dicha Junta—y tiene también el propósito de

facilitar el mejor ordenamiento de los trabajos de la mesa, pudiera limitar sin embargo, el derecho de los demás inspectores de la Junta de Colegio a la ejecución del acto que en dicha instrucción se dispone que realice exclusivamente el Presidente de la Junta de Colegio.

Habiendo la Junta Estatal de Elecciones señalado en el curso de la argumentación del día de hoy—por conducto de su ilustrada representación, el Procurador General—que esa instrucción adoptada y que es objeto de este Recurso Núm. 24, tal como reza, no impide a algún otro de los inspectores hacer la anotación al dorso de las respectivas papeletas en los casos a que se refiere dicha instrucción, el Juez Presidente estima que en aras de la mayor precisión y en evitación de incertidumbres en el curso de la votación, dicha instrucción debe ser objeto de la ulterior consideración por la Junta, para salvar la limitación excluyente que la misma establece en su contexto respecto a los demás inspectores.

### III

### *Disposición*

Aun cuando la adopción final de este Manual no debe dilatarse, y su impresión y distribución oportuna a los funcionarios a que va dirigido debe llegar lo antes posible, según las normas de la propia Junta, el Juez Presidente considera que en *ambos recursos* la instrucción adoptada por la Junta debe ser dejada sin efecto a los exclusivos fines de que la Junta pueda, en el Recurso Núm. 23, determinar si es necesaria una instrucción al respecto como la impugnada y cómo deba ser sustituida a su satisfacción, como sería lo deseable, teniendo el consenso de todos los miembros de la Junta.

Por las razones que indiqué al comienzo de esta exposición procede, respecto a la instrucción objeto del Recurso Núm. 24 —a los fines de tratar de salvar las limitaciones excluyentes

que pudieran dar origen a incertidumbres, cuando no es el deseo de los miembros de la Junta que haya incertidumbres en el desarrollo del proceso electoral que tiene su culminación con la votación el día de las elecciones—dejarla sin efecto y, a dichos fines, devolver el caso. La Junta, en ambos casos, sin demora y a la brevedad posible, debe pasar sobre lo que a su juicio deba ser la directiva, si alguna, en cada uno de esos casos, y su alcance, con miras a lograr lo que ha sido el propósito de la Junta desde que se comenzaron a hacer estos Manuales de Instrucciones para los Funcionarios Electorales: el objetivo alto y constructivo de darle a los funcionarios de colegio, en la forma más sencilla que pueda lograrse, la debida orientación para la mejor realización de sus funciones.

No creo que haya envuelta cuestión alguna de semántica, ni debe ser ello motivo de discrepancia entre los miembros de la Junta. El común propósito de lograr el objetivo de que no haya incertidumbre o incidentes en la aplicación de la ley y en la ejecución y descargo de las funciones de los diferentes funcionarios electorales el día de las elecciones—como hasta ahora lo ha sido—posiblemente conlleve el que se ceda en parte en la forma de expresión, ya que cada persona puede tener su propia manera de expresar una idea, el ordenamiento de las distintas instrucciones en el Manual y hasta la metodología para producir el mismo. Deben salvarse esos escrúpulos—si pudiera llamarse así—para obtener el acuerdo unánime de la Junta y mantener ante los funcionarios de colegio, los funcionarios de las Juntas Locales y todo el pueblo de Puerto Rico, la imagen de la Junta Estatal de Elecciones, en su mejor deseo de instrumentar el derecho electoral del ciudadano en la forma más eficaz, ordenada y pacífica posible.

Esta es la Decisión del Juez Presidente que, con aquellas correcciones de expresión o estilo que fueren necesarias al ser transcrita y firmada, constituye desde este momento la Decisión Oficial en estos dos Recursos. Como es natural,

se requiere el proceso de transcripción y notificación ulterior; pero en este momento los miembros presentes de la Junta y la representación de la Junta misma, quedan informados de los motivos y fundamentos de la Decisión, en cada uno de los Recursos, y de la disposición de que vuelvan a la Junta para su consideración a la brevedad posible.

Se transcribirá esta Decisión y se completará con ella cada uno de los expedientes 23 y 24 y se notificará a la Junta, a través del Procurador General, y a los Miembros que componen la misma en representación de los distintos partidos políticos.

Con esta Decisión termina la sesión convocada para el día de hoy.

Dada en Corte Abierta, en San Juan de Puerto Rico, a 1ro. de septiembre de 1972.

Lo decretó y firma

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

CERTIFICO:

(Fdo.) José L. Carrasquillo
*Secretario General*